UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| LINETEC SERVICES. LLC, et al | CIVIL ACTION 15-1242 |
| VERSUS | U.S. DISTRICT JUDGE DRELL |
| CHAIN ELECTRIC COMPANY, et al | U.S. MAGISTRATE JUDGE KIRK |

**REPORT AND RECOMMENDATION**

Before the court is defendants' motion to transfer, **Doc. 13**, referred to me by the district judge for Report and Recommendation. Defendants assert that the issues presented in this case are substantially similar to those presented in docket number 15 CV 24KS-MTP So. Dist. Miss. which was filed first.

This suit involves a dispute between Chain Electric Company, a Mississippi corporation, (Chain) and its principals, Bobby L. Chain and John W. Chain on the one hand, and three of its former employees, John D. Joubert, Derek P. Snyder, and Jesse Z. Haymon, and their newly formed employer, Linetec Services,, LLC, a Louisiana company, (Linetec) on the other hand. Both Chain Electric and Linetec are in the business of electrical highline construction, maintenance and disaster recovery. Prior to leaving Chain Electric in March 2015, Joubert was Chain Electric's Lafayette area manager, Snyder was an estimator and project manager and Haymon was a line foreman. All were recruited by Mick Dubea, owner and CEO of Linetec, which was formed in 2014, and are alleged to have begun competing with Chain Electric in

1

violation of agreements they had signed with Chain Electric. Chain sued Joubert, Snyder and "John Does 2-15" in federal court in Mississippi.[1] Chain Electric alleged that the two employees had access to Chain Electric's confidential and proprietary information and by entering into employment discussions with Linetec, the two breached confidentiality agreements they had signed as well as a Notice of Award agreement pledging not to use or disclose trade secrets or confidential information. Chain Electric alleged that the two misappropriated confidential information and entered into a scheme to divert employees and customers away from Chain Electric. Chain Electric alleged that the John Doe defendants participated in the conspiracy. The suit makes claims for breach of a duty of loyalty and good faith, unfair competition and tortious interference with business relationships civil conspiracy, misappropriation of trade secrets and breach of contract and Chain Electricseeks damages and injunctive relief.

In response to the federal suit filed by Chain Electric in Mississippi, Linetec, Joubert, Snyder and Haymon sued Chain Electric and the Chains in state court in Avoyelles Parish, Louisiana. Linetec, et al. claims that by suing them in federal court in Mississippi, they have disrupted Joubert's and Snyder's employment relationship with Linetec and impeded the business operations of Linetec. They also claim that, by naming John Does as placeholders in the federal suit, they are intimidating other employees of Chain Electric and interfering with their right to seek employment with Linetec. Plaintiffs seek declaratory and injunctive relief, damages for abuse of process, damages for attempts to enforce a non-competition agreement, and allege violations of Louisiana's Unfair Trade Practices Act.

Defendants promptly removed the case to this court on the basis of diversity jurisdiction

---

[1]See docket number 15 CV 24KS-MTP So. Dist. Miss.

and they seek transfer of the case to the Mississippi federal court.

## Applicable law and Analysis

The Fifth Circuit follows the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed. <u>Save Power Ltd. V. Syntec Fin. Corp.</u>, 121 F.3d 947, 950 (5th Cir. 1997). The inquiry for the second-filed court is limited to whether there is substantial overlap between the two cases. Id. at 606. Cases substantially overlap if they are closely related or if they are interrelated because the facts, witnesses, and evidence are inextricably intertwined. It is not necessary that the facts, witnesses and evidence be identical.

In this case, the plaintiffs, two of whom are defendants in the Mississippi case, assert as a primary claim that they were wronged by the filing of the Mississippi federal case. It is hard to imagine a more inextricably intertwined situation. Both cases involve construction of the employment contracts and any non-competition agreements in effect. Plaintiffs here seek an injunction to prohibit conduct, part of which was the filing of the Mississippi case. While the parties are not identical, they are substantially similar. The case here adds the two principals of Chain Electric and adds as plaintiffs the Mississippi defendants' new employer, Linetec, and an additional former employee of Chain Electric, Jesse Haymon. The bottom line is that both cases involve sorting out the employment relationship and obligations of Mr. Joubert, Mr. Snyder, and Mr. Haymon vis-vis Chain Electric and Linetec. Even plaintiffs' claim of violation of the Louisiana Unfair Trade Practices Act claim alleges that defendants are liable because they named former employees in the Mississippi action.

There is substantial overlap between the two cases.

Therefore, IT IS RECOMMENDED that the motion to transfer, doc. #13, be GRANTED and this case be transferred to the U. S. District Court for the Southern District of Mississippi.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)© and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. . A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 18th day of November, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE